**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jesse Miller, | : |
|                   Plaintiff, | :   Civil Action No.:  1:15-cv-1762 |
|     v. | : |
| Receivables Performance Management, L.L.C.; and DOES 1-10, inclusive, | :   **COMPLAINT** |
|                   Defendants. | : |

For this Complaint, the Plaintiff, Jesse Miller, by undersigned counsel, states as follows:

### JURISDICTION

1.    This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and violations of the Illinois Collection Agency Act, 225 ILCS 425/1, et seq.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.    The Plaintiff, Jesse Miller ("Plaintiff"), is an adult individual residing in Aurora, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

5.    The Defendant, Receivables Performance Management, L.L.C. ("RPM"), is a Washington business entity with an address of 20816 44th Avenue, West Lynnwood,

Washington 98036, operating as a collection agency, and is a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by RPM and

whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.      RPM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Verizon (the

"Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under 15

U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to RPM for collection, or RPM

was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B. RPM Engages in Harassment and Abusive Tactics**

## FACTS

12.     Beginning in August 2014, RPM contacted Plaintiff on Plaintiff's cellular

telephone, number 630-xxx-2677, in an attempt to collect the Debt.

13.     During all times mentioned herein, RPM called Plaintiff on his cellular telephone

using an automatic telephone dialing system ("ATDS") and by using a prerecorded or artificial

message on a cellular telephone.

2

14.     When Plaintiff answered the calls, he would hear a prerecorded voice which instructed Plaintiff to hold. After the prerecorded voice, Plaintiff would be connected to a live representative.

15.     Plaintiff never provided RPM or the Creditor with his cellular telephone number, and did not give the Creditor written permission within the original agreement creating the Debt to place calls to his cellular phone.

16.     Without Plaintiff's consent, RPM placed over thirty calls to Plaintiff's cellular phone.

17.     Furthermore, on August 15, 2014, during a conversation with a live representative from RPM Plaintiff requested that the calls to his cellular phone cease.

18.     Even after Plaintiff's request, RPM placed an additional ten calls to Plaintiff.

19.     The repeated calls caused Plaintiff significant inconvenience and concern.

20.     RMP failed to send Plaintiff an initial letter informing Plaintiff of his rights within five days after the initial communication.

**C.  Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, _et seq._**

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

26.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**
**225 ILCS 425/1, *et seq.***

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

32.     Receivables Performance Management, L.L.C., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

33.     The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

4

34.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

35.    The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

36.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and by using a prerecorded or artificial voice.

38.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

39.    Defendants' telephone systems have some earmarks of a Predictive Dialer.

40.    Often times when Plaintiff answered the phone, he was met with a prerecorded voice before Defendants' telephone system would connect him to the next available

5

representative.

41. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

43. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

44. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

45. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

46. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

47. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 27, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff